IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAWRENCE J. BELLACK,<br>   Plaintiff,<br>      v.<br><br>THE RAINMAKER GROUP<br>VENTURES, LLC,<br>   Defendant. | CIVIL ACTION FILE<br>NO. 1:17-CV-1198-TWT |

**OPINION AND ORDER**

This is a breach of contract action. It is before the Court on the Defendant The Rainmaker Group Ventures, LLC's Motion to Dismiss [Doc. 15] for lack of subject matter jurisdiction. For the following reasons, Rainmaker's Motion to Dismiss is GRANTED.

**I. Background**

Rainmaker is a Delaware limited liability company with approximately thirty-five members. It provides software and consulting services to help its customers manage revenue and increase their profitability.[1] The members own shares in

---

[1] See LLC Agreement, at 1 [Doc 1-1]; Cap Table, Exhibit A to Def.'s Mot. to Dismiss [Doc. 16-1]; Compl. at ¶¶ 7, 8.

Rainmaker, which are divided into three basic classes: Class A Common, Series A Preferred, and Class B Common Shares.[2] Each class brings to the owner different rights and responsibilities. The only difference between the classes that is relevant to the Defendant's Motion to Dismiss, however, is that Class A and Series A Preferred shares are voting shares, whereas Class B shares are not.[3]

The Plaintiff Lawrence Bellack is a Florida domiciliary and served as Rainmaker's Vice President of Multifamily Sales from March 2010 to December 2015.[4] A little over a year into his tenure, Rainmaker granted Bellack a membership interest comprised of 115,140 Class B Common Shares.[5] Pursuant to the LLC Agreement, Rainmaker eventually chose to repurchase those shares from Bellack at a fair value set by Rainmaker's Board of Managers upon Bellack's termination of employment.[6] Due to events that occurred a few months after the stock repurchase, Bellack called into question the Board's valuation of the shares and filed suit in this Court on the basis of diversity jurisdiction. The Defendant now moves to dismiss the

---

[2]  LLC Agreement § 7.1, at 29.

[3]  Id. at §§ 7.2-7.4, at 29-30.

[4]  Compl. at ¶¶ 2, 9.

[5]  Id. at ¶ 13.

[6]  See Call Notice, at 3 [Doc. 1-2].

case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of complete diversity.[7]

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute.[8] Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks."[9] Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."[10] On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion.[11]

"'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings,

---

[7] The Defendant also moves to dismiss on 12(b)(6) grounds, but because the Court finds that it does not have subject matter jurisdiction under 12(b)(1), it need not address the Defendant's 12(b)(6) arguments.

[8] FED. R. CIV. P. 12(b)(1).

[9] Garcia v. Copenhaver, Bell & Assocs., M.D.'s, 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

[10] Lawrence, 919 F.2d at 1529 (quoting Menchaca v. Chrysler Credit, 613 F.2d 507, 511 (5th Cir. 1980)).

[11] Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).

such as testimony and affidavits, are considered.'"[12] The presumption of truthfulness does not attach to the plaintiff's allegations.[13] Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[14]

### III. Discussion

Rainmaker argues that Bellack's Complaint should be dismissed for lack of subject matter jurisdiction because there is not complete diversity of the parties. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.[15] "Diversity jurisdiction, as a general rule, requires complete diversity--every plaintiff must be diverse from every defendant."[16] A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has its

---

[12] Lawrence, 919 F.2d at 1529 (quoting Menchaca, 613 F.2d at 511).

[13] Id.

[14] Scarfo v. Ginsberg, 175 F.3d 957, 960-61 (11th Cir. 1999).

[15] 28 U.S.C § 1332(a).

[16] Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).

principal office.[17] "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company...."[18] "The burden to show the jurisdictional fact of diversity of citizenship [is] on the ... plaintiff."[19]

Bellack has failed to do so in this case, both facially and factually. The Complaint states that Rainmaker is a Delaware LLC with its principal place of business in Georgia, and claims that on that basis there is diversity.[20] But as stated above, the citizenship of an LLC is determined differently than that of a corporation; the citizenship of the LLC's members is what determines the citizenship of the LLC. Since Bellack did not list out the members of the LLC and their respective citizenship, the Complaint fails to adequately allege subject matter jurisdiction.

Normally the Court would simply direct the Plaintiff to replead; however, the Complaint also fails as a factual matter. The documents provided by the Defendant along with its motion show that three of Rainmaker's members are citizens of Florida,

---

[17] See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

[18] Id.

[19] King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

[20] Compl. ¶¶ 3-5.

the same state of citizenship as the Plaintiff's.[21] These include two individuals, Michael Cowles and Stephanie Brown, as well as Longboat Strategic Advisors, LLC (collectively, the "Florida Shareholders").[22] The two individual members have Florida addresses and driver's licenses, and Longboat is a Florida LLC whose majority owner, Kevin Costello, is also a Florida resident with a Florida driver's license.[23] The Plaintiff, meanwhile, has presented no evidence to the contrary despite having had an opportunity to do so in response to this motion.[24] As it is, the Court finds the evidence submitted by the Defendant to be sufficient to establish that the Florida Shareholders have physical presence in Florida and intend to remain there. This defeats diversity jurisdiction.

---

[21] Cap Table, Exhibit A to Def.'s Mot. to Dismiss [Doc. 16-1]. The addresses and driver's licenses for the individual members provided in Rainmaker's Cap Table are located in Florida.

[22] See id.; Driver's Licenses, Exhibit B to Def.'s Mot. to Dismiss [Doc. 16-2].

[23] See Cap Table, Exhibit A to Def.'s Mot. to Dismiss [Doc. 16-1]; Florida Secretary of State Records, Exhibit C to Def.'s Mot. to Dismiss [Doc. 15-2].

[24] Instead of providing contrary evidence, the Plaintiff argues that the Defendant's submissions are unverified. However, the burden of proof for establishing diversity rests with the Plaintiff, not with the Defendant. See King, 505 F.3d at 1171. Additionally, the Plaintiff complains that he has not gotten satisfactory responses from the Defendant regarding the citizenship of Class A Common and Series A Preferred Shareholders. But as the Court finds that Class B Common Shareholders are members of Rainmaker, this complaint is moot.

Rather than contesting their domicile, Bellack instead argues that the Florida Shareholders are not actually members of Rainmaker because they do not have voting rights as Class B Common Shareholders. As Bellack rightfully points out, ownership or financial interest in an LLC does not necessarily connote membership.[25] But Bellack makes the logical mistake of believing that because ownership is not sufficient, that means that voting rights are necessary. In fact, the Delaware Code explicitly says that "[a] limited liability company agreement may provide that any member or class or group of members shall have *no voting rights*."[26]

The true test for LLC membership is not whether they have voting rights or a financial interest, but is rather whatever the LLC Agreement says it is.[27] In this case, the LLC Agreement states that a "Shareholder" means:

> any record owner of Shares. Each record owner of Shares who has executed a signature page to this LLC Agreement is entitled to possess and exercise all the rights and privileges of a member of a limited liability company organized under the Delaware Act, *subject to the terms*

---

[25] See Del. Code tit. 6, § 18-702(b)(1) ("An assignment of a limited liability company interest does not entitle the assignee to become or to exercise any rights or powers of a member;").

[26] Del. Code tit. 6, § 18-302(a) (emphasis added).

[27] See id. at § 18-301 (setting default rules for admitting members of an LLC, but deferring to the LLC agreement).

*of this LLC Agreement*, including without limitation, the right to vote and otherwise participate in the management and affairs of the Company.[28]

In other words, in order to be a member of Rainmaker, one must (1) own shares and (2) have signed the LLC Agreement. That is it; there are no other requirements.[29] All three Florida Shareholders own shares, and at least two have signed the LLC Agreement, making at least Longboat and Cowles members of Rainmaker.[30] And because at least two of Rainmaker's members are Florida domiciliaries, Rainmaker is also a Florida domiciliary. As Florida is also the domicile of the Plaintiff, there is not complete diversity, and this Court does not have subject matter jurisdiction.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss is GRANTED.

---

[28] LLC Agreement, at 10.

[29] The Plaintiff tries to focus attention on the last clause of that definition ("including without limitation, the right to vote and otherwise participate in the management and affairs of the Company") but misses the important phrase right before it stating that the rights and privileges of members were "subject to the terms of this LLC Agreement."

[30] See Share Certificates, Exhibit D to Def.'s Mot. to Dismiss [Doc. 16-3]; Additional Shareholder Signature Pages, LLC Agreement, at 82, 96 [Doc 1-1]. Stephanie Brown's signature page, to the extent it exists, is not included in the record.

SO ORDERED, this 7 day of September, 2017.


                                      /s/Thomas W. Thrash
                                      THOMAS W. THRASH, JR.
                                      United States District Judge